[No. 51935–8.  En Banc.  September 12, 1985.]

JAY NUXOLL, *Petitioner*, v. RALPH MUNRO, *as Secretary of State*, ET AL, *Respondents.*

*Jay Nuxoll,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *James M. Johnson, Senior Assistant; Norm Maleng, Prosecuting Attorney,* and *Phyllis MacLeod, Deputy,* for respondents.

PER CURIAM.—On August 16, 1985, attorney Jay Nuxoll filed with this court a "Petition to Prevent Election Error" pursuant to RCW 29.04.030. As an elector and one of the two candidates for a 1985 election to fill the unexpired term of a position on the King County Superior Court, Nuxoll challenged the decision of the King County Manager of Records and Elections, Ellen Hansen, not to hold a September primary for the position. Also named as a respondent was Secretary of State Ralph Munro, who is chief election officer for this state. On August 22, 1985, after reviewing the briefs of the parties and hearing oral argument, this court issued an order denying the petition. This opinion explains the reasons of the court for doing so.

When Judge Francis Holman recently resigned, the Governor appointed attorney Sharon Armstrong to fill the position. Const. art. 4, § 5. Judge Armstrong must now run for election for the unexpired portion of the term. Const. art. 4, § 5. Nuxoll also has declared his candidacy for the position, which is King County position 29.

Respondent Hansen has decided not to include the contest for position 29 on the September 1985 primary ballot, but instead on the November 1985 general election ballot. This decision was based on RCW 29.13.075, which provides:

> Whenever it shall be necessary to hold a special election in an odd–numbered year to fill an unexpired term of any office which is scheduled to be voted upon for a full term in an even–numbered year, no September primary election shall be held in the odd–numbered year if, after the last day allowed for candidates to withdraw, . . . the following circumstances exist:
>
> . . .
>
> (2) No more than two candidates have filed a declaration of candidacy for a single nonpartisan office to be filled.

By its unambiguous terms, this statute applies here. The office of superior court judge is nonpartisan. RCW 29.21-.070. The office here is scheduled to be voted upon for a full term in 1988, an even–numbered year. Pursuant to Const. art. 4, § 5, there must be a special election in an odd–numbered year (1985) to fill the unexpired term.

Nuxoll contends if the statute is so construed its application here is contrary to Const. art. 4, § 29 (amend. 41). This provision states:

> Notwithstanding any provision of this Constitution to the contrary, if, after the last day as provided by law for the withdrawal of declarations of candidacy has expired, only one candidate has filed for any single position of superior court judge in any county containing a population of one hundred thousand or more, no primary or election shall be held as to such position, and a certificate of election shall be issued to such candidate. If, after any contested primary for superior court judge in any county, only one candidate is entitled to have his name printed on the general election ballot for any single position, no election shall be held as to such position, and a certificate of election shall be issued to such candidate: *Provided,* That in the event that there is filed with the county auditor within ten days after the date of the primary, a petition indicating that a write in campaign will be conducted for such single position and signed by one hundred registered voters qualified to vote with respect of the office, then such single position shall be subject to the general election.

As can be seen, under the provision no primary or general election need be held for a superior court position if only one candidate has filed for the position. Also, if one of two or more candidates receives a majority of the votes at the primary, ordinarily no general election is held. There will be a contested general election in such situations, however, if a sufficient number of electors petition for a write–in candidacy in accordance with the proviso of the quoted section.

Nuxoll suggests this right to write in candidates is unique to Const. art. 4, § 29 (amend. 41). He argues a primary

must therefore be held in order to preserve this right.

■ We disagree. The language of the constitutional provision says only that both the primary and the general election may be dispensed with if only one candidate files for a superior court position. The provision is entirely neutral on whether a primary need be held in any other situation. This question is not answered by the constitution, but rather is controlled by statutes such as RCW 29.13.075.

Furthermore, we find no merit to the suggestion the application of RCW 29.13.075 to superior court elections limits the ability of the electorate to write in candidates. *See* RCW 29.51.170 ("[a]t any election or primary, any voter may write in on the ballot the name of any person for whom he desires to vote for any office . . ."). RCW 29.13-.075 preserves the electorate's right to a contested general election simply by moving two–candidate contests to the general election.

RCW 29.13.075 conflicts neither with the language of Const. art. 4, § 29 (amend. 41) nor with the apparent purpose of that provision. Election Manager Hansen correctly applied RCW 29.13.075 in deciding not to hold a primary for position 29.

Finally, it should be noted that Secretary of State Munro challenges both the original jurisdiction of this court to hear this case and his joinder as a respondent. Since we find no substance to the challenge to the actions of Election Manager Hansen, however, we need not decide these issues.

The petition to prevent election error is denied.